**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PREMIUM EXPRESS, INC., | ) | |
| Plaintiff, | ) | Case No. 18 CV 2141 |
| | ) | |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| KING'S EXPRESS INC., and | ) | |
| DENNIS McCORMICK, | ) | |
| INFINITY LOGISTICS, INC. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE ANSWER OF THIRD**
**PARTY CITATION RESPONDENT AND TURNOVER OF FUNDS**

NOW COMES the Plaintiff, Premium Express, Inc., by and through its attorneys, Sullivan Hincks & Conway, and in support of Plaintiff's Motion for Judgment on the Answer of Third Party Citation Respondent, Wells Fargo Bank, N.A., and for Turnover of Funds, states as follows:

1.     On July 17, 2018, Judgment was entered in this Court in favor of the Plaintiff, Premium Express, Inc. (hereinafter "Plaintiff"), and against, as relevant here, Dennis McCormick ("McCormick"), in the total amount of $145,838.75. See Exhibit A [Docket 17]. Since the date of the Judgment and service of the Citation to Discover Assets, Plaintiff has been able to collect some amounts against the amounts due. There is now due, less credit and off-set, the sum of $129,863.00 (Judgment Balance against Dennis McCormick).

2.     A Citation to Discover Assets was served on Third Party Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") on July 24, 2018, and a Notice of Citation was mailed via first class mail to McCormick at his addresses at 19466 Woodlands Drive, Huntington Beach, CA and 2525 16th Ave SE, Saint Cloud, MN along with a copy of the

Judgment. *See* Plaintiff's Affidavit of Service and Certificate of Mailing, attached hereto as Exhibit B.

3.     Wells Fargo served its Answer, received on August 2, 2018, indicating that Wells Fargo is in possession of non-exempt funds belonging to Mr. McCormick and indicating that $80,494.20 in a checking account was being withheld. *See* Wells Fargo's Answer, attached hereto as Exhibit C.

4.     Supplementary proceedings to enforce a judgment are governed by Federal Rule of Civil Procedure 69(a) which provides that a district court is to use state procedure governing the execution of any such judgment. Fed. R. Civ. P. 69(a).

5.     Section 5/2-1402 of the Illinois Code of Civil Procedure provides that when assets of a judgment debtor not exempt from the satisfaction of a judgment are discovered, a court may enter an order or judgment compelling the person cited to deliver said assets. 735 ILCS 5/2-1402.

6.     As such, the Plaintiff is entitled to the non-exempt property of McCormick, the Judgment Debtor, in partial satisfaction of the Judgment Balance remaining due.

WHEREFORE, the Plaintiff, Premium Express, Inc., respectfully requests that this Court enter a Judgment on its Third Party Citation and order Third Party Citation Respondent, Wells Fargo, to turnover to Plaintiff in partial satisfaction of the judgment, the property of judgment debtor, Dennis McCormick, in the amount of $80,494.20, and for such other relief that this Court deems just and proper.

Respectfully submitted,
Premium Express, Inc.


By:    /s Matthew P. Barrette
       One Of Its Attorneys

Matthew P. Barrette
SULLIVAN HINCKS & CONWAY
120 West 22nd Street, Suite 100
Oak Brook, IL 60523
Ph: (630) 573-5021
Fx: (630) 573-5130